THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS ALTSHULER, an individual,

Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGY
CORPORATION, a Texas Corporation,

Defendant.

Case No. 2:25-cv-00831-JHC

**DECLARATION OF MOLLY A.
TERWILLIGER IN SUPPORT OF
DEFENDANT SPACE EXPLORATION
TECHNOLOGIES CORP.'S MOTION
TO COMPEL ARBITRATION AND
STAY CASE**

I, Molly A. Terwilliger, declare as follows:

1.      I am an attorney with Morgan, Lewis & Bockius LLP and counsel for Defendant Space Exploration Technologies Corp. ("SpaceX").  I am over eighteen years of age and am competent to testify herein. I make the following statements based on my personal knowledge.

2.      Attached as **Exhibit 1** to this declaration is a true and correct copy of the declaration of Lindsay Chapman, Senior Director, Human Resources for SpaceX, and associated Exhibit A to that declaration, which is a true and correct copy of the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver (the "Arbitration Agreement") that Plaintiff signed on June 12, 2023.

DECLARATION OF MOLLY A. TERWILLIGER
ISO DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND STAY CASE - 1
(Case No. 2:25-cv-00831-JHC)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

3.      On May 5, 2025, I contacted Plaintiff's counsel by email to notify them that SpaceX believes Plaintiff's claims are subject to the Arbitration Agreement and provided Plaintiff's counsel with a copy of the Agreement.  I asked whether Plaintiff would agree to stay the court action and proceed with arbitration under the terms of the Arbitration Agreement or, if he would not agree to do so, requested that counsel provide Plaintiff's grounds for such refusal.  I further indicated that SpaceX intended to file a motion to compel arbitration absent Plaintiff's agreement and requested a response by close of business on Friday, May 9, 2025.

4.      Despite a follow-up email to Plaintiff's counsel on May 9, 2025, as of the date of this declaration, Plaintiff's counsel has not responded to my requests.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 12th day of May, 2025 at Seattle, Washington.


_s/ Molly A. Terwilliger_____
Molly A. Terwilliger

DECLARATION OF MOLLY A. TERWILLIGER
ISO DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND STAY CASE - 2
(Case No. 2:25-cv-00831-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

# EXHIBIT 1

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS ALTSHULER, an individual,

Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGY
CORPORATION, a Texas Corporation,

Defendant.

Case No. 2:25-cv-00831-JHC

**DECLARATION OF LINDSAY CHAPMAN IN SUPPORT OF DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S MOTION TO COMPEL ARBITRATION AND STAY CASE**

I, Lindsay Chapman, hereby declare:

1.    I am the Senior Director, Human Resources for Defendant Space Exploration Technologies Corp. ("SpaceX"). I make this declaration in support of SpaceX's Motion to Compel Arbitration of Plaintiff Douglas Altshuler's claims and stay proceedings in the above-referenced matter.  If called as a witness, I could and would competently testify to the facts stated in this declaration, all of which are within my personal knowledge.

2.    SpaceX designs, manufactures, and launches advanced rockets and spacecraft. SpaceX engages in business and commerce throughout the United States and internationally. Among other things, SpaceX provides launch services to a wide variety of customers located in different states and countries.  SpaceX also offers satellite internet services through Starlink, which

uses a constellation of satellites operating in low Earth orbit ("LEO") to provide high-speed, low-latency broadband internet to remote and rural locations across the United States and the globe. SpaceX has permanent operations in multiple states, including its headquarters, a test site, a launch facility, and manufacturing facilities in Texas; manufacturing facilities, offices, and a launch site in California; offices and manufacturing facilities in Washington; multiple launch sites in Florida; and offices in Washington, DC. SpaceX conducts business across multiple state lines and across international borders.

3.      I have reviewed SpaceX's personnel records and I am aware that Plaintiff Douglas Altshuler ("Plaintiff") was employed at SpaceX in the Starlink Customer Operations Department from approximately June 26, 2023 until approximately January 9, 2025.

4.      All SpaceX employees, as a condition of employment at SpaceX, are required to sign an arbitration agreement whereby employees and SpaceX agree to resolve all disputes in binding arbitration. As a general practice, SpaceX provides new hires with the arbitration agreement and other onboarding documents before their official start date and requires all documents to be reviewed, signed, and returned to SpaceX before their first day of work. Plaintiff signed this arbitration agreement on June 12, 2023, prior to his start date of June 26, 2023.

5.      Attached hereto and incorporated herein as **Exhibit A** is a true and correct copy of the Employee Arbitration and Dispute Resolution Agreement and Class Action Waiver that Plaintiff signed on June 12, 2023.

6.      Based on my review of SpaceX's personnel records regarding Plaintiff, these records reflect that he was terminated due to poor performance and policy violations.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 7, 2025 at Hawthorne, California.

*Lindsay Chapman*
_____
Lindsay Chapman

DECLARATION OF LINDSAY CHAPMAN ISO
DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND STAY CASE - 2
(Case No. 2:25-cv-00831-JHC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

# **EXHIBIT A**

**EMPLOYEE ARBITRATION AND DISPUTE RESOLUTION AGREEMENT
AND CLASS ACTION WAIVER**

As a condition of my becoming employed (or my employment being continued) by Space Exploration Technologies Corp., a Delaware corporation, and any of its current or future subsidiaries, affiliates, successors or assigns (collectively, "SpaceX") (SpaceX and I, collectively, the "Parties"), and in consideration of my employment relationship with the SpaceX and my receipt of the compensation now and hereafter paid to me by SpaceX, I agree to the following:

WHEREAS, the Parties wish to fairly, quickly and economically resolve any disputes that may arise between us;

NOW THEREFORE, in consideration and as a condition of being employed by SpaceX and SpaceX's promise to arbitrate all Covered Claims, I agree that:

1. The Parties shall resolve all Covered Claims (as defined below) through final, binding, and confidential arbitration, and as such, **EACH PARTY WAIVES THE RIGHT TO EITHER A JURY OR BENCH TRIAL AS TO ANY COVERED CLAIM**.

2. Any Covered Claim and all claims, disputes, or causes of action under this Agreement, whether by SpaceX or me, must be brought in an individual capacity, and shall not be brought as a plaintiff (or claimant) or class member in any purported class, representative, or collective proceeding, nor joined or consolidated with the claims of any other person or entity, and the arbitrator may not consolidate the claims of more than one person or entity, and may not preside over any form of class, representative, or collective proceeding, except that this Section 2 shall not apply to an action or claim brought pursuant to the California Private Attorneys General Act of 2004 ("PAGA") unless the holding of the California Supreme Court in *Iskanian v. CLS Transportation* is overturned, modified, or rendered inapplicable by legislation, regulation, intervening case law or otherwise, in which case Section 2 shall apply to claims brought pursuant to PAGA.

3. A "Covered Claim" is any claim (except a claim that by law is non-arbitrable), including without limitation and by way of example only: claims of employment discrimination and harassment (e.g., under Title VII of the Civil Rights Act, as amended, the California Fair Employment & Housing Act, the Age Discrimination in Employment Act, as amended, the Americans with Disabilities Act, 42 U.S.C. section 1981); claims under the Employment Retirement Income Security Act; claims alleging unfair competition; claims under the PAGA; claims under the California Labor Code or any Wage Order, including any claims brought by me related to wages, expenses, meal or rest periods or any unpaid compensation or penalties for missed meal or rest periods, wrongful termination, wrongful discharge, discrimination, harassment, unlawful retaliation; claims alleging or based on failure to hire; and claims alleging

2

breach of employment contract or the implied covenant of good faith and fair dealing or tortious conduct (whether intentional or negligent), including defamation, misrepresentation, fraud, infliction of emotional distress; but in all events excluding claims for unemployment compensation benefits and workers' compensation benefits to remedy work-related injury or illness, and also excluding claims for sexual assault or sexual harassment covered by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 unless that Act is modified or rendered unlawful or inapplicable by legislation, regulation, intervening case law or otherwise, in which case Covered Claims shall include claims involving sexual assault or sexual harassment.

4. Any claim subject to this Agreement shall be arbitrated by one arbitrator in accordance with the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service ("JAMS"). The JAMS Rules are available for review on JAMS's website at www.jamsadr.com. To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control.

    a. If the Parties cannot agree on an arbitrator, JAMS rules will govern selection.

    b. The arbitrator shall have the power to award any type of legal or equitable relief that would be available in a court of competent jurisdiction including without limitation attorneys' fees and punitive damages when such damages and fees are available under the applicable statute and/or judicial authority. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. Any arbitral award may be entered as a judgment or order in any court of competent jurisdiction. The Parties agree that any relief or recovery to which they are entitled arising out of the employment relationship or cessation thereof shall be limited to that awarded by the arbitrator.

    c. The arbitrator's written award shall (i) issue within thirty (30) days of the conclusion of evidence, (ii) state the reasons to support the decision, and (iii) be based on governing law and evidence cited. The arbitrator's written award shall decide all issues submitted.

    d. The decision or award of the arbitrator shall be final and binding upon the Parties.

    e. Arbitration will occur in the state of the SpaceX facility in which I primarily work or in the case that I work remotely, the state of the SpaceX facility in which my supervisor(s) work(s). Where the facility is in Hawthorne or Los Angeles, California, the arbitration will occur in Los Angeles County, California. Where the facility is located in McGregor, Texas or Brownsville, Texas, the arbitration will occur in San Antonio, Texas. Where the facility is elsewhere, the arbitration will occur in a mutually agreed location in the reasonable proximity to the facility.

5. Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding.

6. SpaceX, while it may take all steps necessary to enforce this Agreement in legal proceedings, will not discipline or otherwise retaliate against me for engaging in concerted activity.

7. SpaceX will be responsible for all arbitration fees, except I will be required to pay up to the amount I would have been required to pay the applicable lower court in order to file a civil complaint. Each side shall pay its own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

8. The Parties agree to file any demand for arbitration within the time limit established by the applicable statute of limitations for the asserted claims.

9. The Parties agree that neither the terms nor the conditions described in this Agreement create a contract of employment for a specific duration of time or limit the circumstances under which the Parties' employment relationship may be terminated. Because employment with SpaceX is voluntarily entered into and remains at will, I am free to resign at any time. Similarly, SpaceX may terminate the employment relationship without cause or notice at any time.

10. Nothing in this Agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any such arbitration pursuant to applicable law.

11. This agreement is made under the provisions of the Federal Arbitration Act (9 U.S.C. sections 1-14) ("FAA") and will be construed and governed accordingly. It is the Parties' intention that both the procedural and the substantive provisions of the FAA shall apply.

12. This Agreement may be modified only in a writing signed by me and a Vice President of SpaceX, stating the intent to revoke or modify this Agreement. If any provision in this Agreement is determined to be unenforceable, then the remaining provisions shall remain in full effect.

/ / /

/ / /

**BY SIGNING THIS AGREEMENT, I KNOWINGLY AND VOLUNTARILY WAIVE THE RIGHT TO TRIAL BY JURY OR JUDGE FOR ANY COVERED CLAIM AND I AGREE TO ADJUDICATION OF ANY COVERED CLAIM ON AN INDIVIDUAL BASIS. I ACKNOWLEDGE AND AGREE THAT I MAY NOT BRING OR PARTICIPATE IN ANY CLASS, REPRESENTATIVE, OR COLLECTIVE ACTION OR PROCEEDING, EXCEPT THAT THIS WAIVER DOES NOT APPLY TO AN ACTION OR CLAIM BROUGHT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004 OR COVERED BY THE ENDING FORCED ARBITRATION OF SEXUAL ASSAULT AND SEXUAL HARASSMENT ACT OF 2021. I ACKNOWLEDGE THAT I RETAIN MY RIGHT TO COUNSEL, TO CALL AND CROSS-EXAMINE WITNESSES, AND TO HAVE MY CLAIMS ADDRESSED BY AN IMPARTIAL FACTFINDER. I ACKNOWLEDGE THAT I AM HEREBY ADVISED TO SEEK LEGAL ADVICE AS TO MY RIGHTS AND RESPONSIBILITIES UNDER THIS AGREEMENT.**

**Employee**

By (print name):    _ Douglas Altshuler              _____

Name (signature):    *Douglas Altshuler*              _____
Douglas Altshuler (Jun 12, 2023 09:35 PDT)

Date:    _ Jun 12, 2023              _____

5