The Honorable John H. Chun
Date: June 3, 2025

**IN THE UNITED STATED DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON (SEA)**

| | |
|---|---|
| DOUGLAS ALTSHULER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGY CORPORATION., a Texas Corporation.<br><br>Defendant. | **Case No.: 2:25-cv-00831 SEA**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

Plaintiff Douglas Altshuler ("Plaintiff" or "Mr. Altshuler") through his attorneys, Jared C. Troy, Clive A. Pontusson and Gregory M. Skidmore of Skidmore | Fomina, PLLC, submits this opposition to Defendant's Motion to Compel Arbitration.

## I. RELIEF REQUESTED / SUMMARY OF ARGUMENT

Plaintiff sincerely apologizes to the Court for submitting this opposition one day late. Plaintiff respects the Court's time and attention to this matter and respectfully requests the Court view the late submission as a case of excusable neglect and fully consider the merits of Plaintiff's Opposition.



SKIDMORE & FOMINA, PLLC
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

The arbitration provision here is ambiguous as to where the parties intended disputes to be resolved. Mr. Altshuler did not knowingly waive his right to a jury nor clearly and unmistakably delegate the issue of arbitrability. The provision also requires confidentiality. An arbitration provision is void and unenforceable if it is ambiguous, unconscionable or confidential. The invalid and unconscionable terms of the arbitration provision so permeate the arbitration provision that severability would render the arbitration provision unrecognizable. Plaintiff respectfully requests that this Court deny Defendant's motion.

## II. FACTUAL BACKGROUND

On or about June 26, 2023, Mr. Altshuler started working for Space Exploration Technology Corporation. Dkt. No. 1 (*Complaint*) at ¶ 3.1. Mr. Altshuler has no recollection of waiving his right to a jury or delegating issues to an arbitrator at any point during his employment with Defendant. Altshuler Decl., ¶ 7-8.

On April 11, 2025, Mr. Altshuler filed this lawsuit. Dkt. No. 1 (*Complaint*) Mr. Altshuler alleged that Defendant failed provide him with meal periods and rest breaks compliant with Washington State law, failed to pay him overtime wages, knowingly and willfully failed to pay him all earned wages, failed to accommodate his disability, discriminated against him on the basis of his disability, retaliated against him for engaging in protected activity, interfered with his right to medical leave, negligently inflicted emotional distress and wrongfully terminated his employment in violation of public policy. *Id.* On May 12, 2025, Defendant filed its motion to compel arbitration. Dkt. No. 6 (*MTC Arbitration*).

## III. EVIDENCE RELIED UPON



**SKIDMORE & FOMINA, PLLC**
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

Plaintiff's opposition to Defendant's motion to compel arbitration is based on the entire docket herein, the declaration of Jared C. Troy and the declaration of Douglas Altshuler.

## IV. ISSUES PRESENTED

1. Is the dispute resolution venue ambiguous and therefore unenforceable?

**Answer:** Yes.

2. Is the arbitration provision procedurally unconscionable?

**Answer:** Yes.

3. Is the arbitration provision substantively unconscionable?

**Answer:** Yes.

4. Does the ambiguity and unconscionable provisions so permeate the arbitration provision that would render those provisions inseverable?

**Answer:** Yes.

## V. LEGAL ARGUMENT

The Washington Supreme Court has recognized that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *Hill v. Garda CL Nw. Inc.*, 179 Wn.2d 47, 53, 308 P.3d 635, 637 (2013) (citations omitted). "[T]he FAA does not require parties to arbitrate when they have not agreed to do so, … [i]t simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.'" *Phillips v. Swedish Health Servs.,* No. 86422-0-I, 2025 Wash. App. LEXIS 478, *10 (Ct. App. Mar. 17, 2025) (citations omitted).



SKIDMORE & FOMINA, PLLC
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

While "the party opposing arbitration bears the burden of showing that the agreement is not enforceable," the party seeking to enforce an arbitration provision "bears the burden of showing that the agreement exists and that its terms bind the other party." *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 302, 103 P.3d 753, 759 (2004) (*citing Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000)).

The Federal Arbitration Act similarly provides that courts may decline to enforce arbitration agreements when grounds "exist at law or in equity for the revocation of any contract." *Henry Schein, Inc. v. Archer & White Sales, Inc*., 139 S. Ct. 524, 530 (2019)(citing 9 U.S.C. § 2). Therefore, before referring a dispute to an arbitrator, a court must determine whether a valid arbitration agreement exists. *Id.*

Defendant contends that this Court must yield to the Federal Arbitration Act's (FAA) liberal policy favoring arbitration. That argument is wrong. "Recent case law calls into question whether such a presumption in favor of arbitration under the FAA remains." *Phillips* at 4 n.1 (*quoting Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023) ("[C]ourts 'must hold a party to its arbitration contract just as the court would to any other kind'" and "'may not devise novel rules to favor arbitration over litigation.'") (*quoting Morgan v. Sundance, Inc.*, 596 U.S. 411, 418, 142 S. Ct. 1708, 212 L. Ed. 2d 753 (2022)). By suggesting that this Court must simply bow out and delegate important issues to an arbitrator, Defendant seeks to make arbitration agreements more enforceable than other agreements, which the Supreme Court has explicitly rejected. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Plaintiff urges this court to analyze the arbitration provision in the same manner as any other purported contract.



**SKIDMORE & FOMINA, PLLC**
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

The question of whether an agreement to arbitrate exists is resolved under traditional principles of contract formation and interpretation. *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014). If a contract provision is unconscionable, the contract is unenforceable. "Washington recognizes two types of unconscionability for invalidating arbitration agreements, procedural and substantive." *McKee v. AT&T Corp.*, 164 Wash. 2d 372, 396, 191 P.3d 845, 857 (2008) Procedural unconscionability applies to impropriety during the formation of the contract; substantive unconscionability applies to cases where a term in the contract is alleged to be one-sided or overly harsh. *Nelson v. McGoldrick*, 127 Wash.2d 124, 131, 896 P.2d 1258, 1262 (1995). *See also Burnett v. Pagliacci Pizza, Inc.* 196 Wash.2d 38, 54, 470 P.3d 486, 494. Either procedural or substantive unconscionability is sufficient to void the agreement. *Hill*, 179 Wn.2d at 55, 308 P.3d at 638.

**A. The Agreement is Ambiguous and Therefore Unenforceable**

It is a well-established principle of Washington law that contract language fairly susceptible to more than one reasonable interpretation is ambiguous. *See, e.g., Kries v. WA-SPOK Primary Care, LLC*, 190 Wn. App. 98, 145, 362 P.3d 974, 995 (2015). Where ambiguities result from conflicting provisions in a contract, courts construe such ambiguities against the drafter. *See Adler v. Fred Lind Manor*, 153 Wn.2d 331, 355, 103 P.3d 773, 786 (2004); *See also Sprague v. Safeco Ins. Co. of Am.*, 174 Wn.2d 524, 528, 276 P.3d 1270, 1272 (2012).

Here, the provision requires arbitration of all "Covered Claims". Dkt. No. 6 (*Declaration of Molly A. Terwillinger*) at 7. However, the provision also provides an exception for filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. *Id.* The intended venue for resolving



SKIDMORE & FOMINA, PLLC
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

disputes for "Covered Claims" is ambiguous. On one hand the provision allows Mr. Altshuler to file a charge of discrimination with a federal agency or participate in an investigation. *Id*. The federal government would file a suit in Federal Court. *See, e.g.* 42 U.S. Code § 12117(a). Yet on the other hand the provision requires arbitration of all "Covered Claims". Dkt. No. 6 (*Declaration of Molly A. Terwillinger*) at 7. These provisions are irreconcilable. Put simply, it is ambiguous as to where the parties intended to resolve the allegations in Mr. Altshuler's complaint. The requirement to arbitrate and the carve out for protected activity render the intended venue for any dispute resolution fairly susceptible to more than one reasonable interpretation. Such ambiguity as to where the parties intended to resolve disputes, invalidates the existence of any agreement to arbitrate in the first instance, but nevertheless, when construed against the drafter must allow Mr. Altshuler to proceed in Federal Court.

### B. The Arbitration Agreement is Procedurally Unconscionable

#### *a. There Was No Meaningful Choice*

"To determine whether an agreement is procedurally unconscionable, [courts] examine the circumstances surrounding the transaction, including (1) the manner in which the contract was entered, (2) whether [the plaintiff] had a reasonable opportunity to understand the terms of the contract, and (3) whether the important terms were hidden in a maze of fine print, to determine whether a party lacked a meaningful choice." *Burnett*, 196 Wn.2d at 53, 470 P.3d 486. *See also Nelson*, 127 Wash.2d at 131, 896 P.2d 1258.; *Schroeder v. Fageol Motors, Inc.*, 86 Wash.2d 256, 260, 544 P.2d 20, 23 (1975); *See also Zuver*, 153 Wash.2d at 304, 103 P.3d 753.



**SKIDMORE & FOMINA, PLLC**
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

The key inquiry for finding procedural unconscionability is whether Mr. Altshuler lacked meaningful choice. *Burnett,* 196 Wn.2d at 54-55, 470 P.3d 486.

The assertion by Defendant that Mr. Altshuler was presented with a meaningful choice is unrealistic and incorrect. Here, Defendant has admitted that the arbitration provision was a condition of employment. Dkt. No. 6 (*MTC Arbitration*) at 2. Plaintiff's "consent" to the agreement was not an informed and meaningful choice, but simply a precondition required for Mr. Altshuler to become employed at Defendant. Mr. Altshuler was required to read the arbitration provision, click the link to the JAMS homepage and without any further instruction, navigate the seven subsections depicting various subject matter on the homepage, click on the correct subsection of the homepage and click the JAMS Employment Arbitration Rules. *Troy Decl.*, ¶ 2-7. Once Mr. Altshuler sifted through the maze of fine print, to have a meaningful choice, Mr. Altshuler was required to read the separate and conflicting JAMS Employment Arbitration Rules, find an attorney, consult with an attorney, wait for an attorney to develop an opinion and evaluate his options based on that advice, all within two weeks. Dkt. No. 6 (*MTC Arbitration*) at 9. This is unrealistic for any party faced with multiple legal documents requiring a similar legal inquiry. *Altshuler Decl.*, ¶ 4.

Defendant relies on *Okelo v. Antioch University* and *Saeedy v. Microsoft Corp.* to support its legal conclusion of a meaningful choice. Dkt. No. 6 (*MTC Arbitration*) at 11. However, *Okelo* and *Saeedy* are easily distinguishable. In *Saeedy*, the hyperlink within the arbitration provision brought the user to the additional terms referenced in the signed provision, which, on the first page, notes the inclusion of a binding arbitration agreement and directs review of the specific arbitration



SKIDMORE & FOMINA, PLLC
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

provision. *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1195-6 (W.D. Wash. 2024). In the arbitration provision, the link directs the employee to the JAMS ADR general homepage. There are no specific instructions as to where additional terms are and certainly no instructions regarding the important term regarding delegation of arbitrability.

*Okelo* involved a provision stating, "it is your responsibility to read, understand, and comply with all University policies especially those under the 400 Series related to employment." *Okelo v. Antioch Univ.*, 601 F. Supp. 3d 894, 896 (W.D. Wash. 2022). There is no such language in the arbitration provision at issue here. Concerningly, due to failure to provide notice of important terms, the additional terms are hidden within a maze of fine print of the JAMS website, the rules themselves, and other legal documents, creating an unrealistic expectation for Mr. Altshuler to complete within the time frame provided.

Defendant also relies on *Patrick v. Running Warehouse* to imply this court should not analyze the issue of whether Mr. Altshuler clearly and unmistakably delegated the issue of arbitrability to an arbitrator. Dkt. No. 6 (*MTC Arbitration*) at 7. The Court in *Patrick* specifically declined to address whether sophistication of the parties should be considered in evaluating whether a delegation to an arbitrator is clear and unmistakable. *Patrick v. Running Warehouse, Ltd. Liab. Co.*, 93 F.4th 468, 481 (9th Cir. 2024). "Incorporation by reference may fairly be deemed a clear and unmistakable delegation where there are sophisticated parties, a different result may obtain where one party is unsophisticated." *Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240, 1253 (N.D. Cal. 2019). "For an unsophisticated plaintiff to discover [he] had agreed to delegate gateway questions of arbitrability, [he] would need to locate the arbitration rules at issue, find and



**SKIDMORE & FOMINA, PLLC**
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

read the relevant rules governing delegation, and then understand the importance of a specific rule granting the arbitrator jurisdiction over questions of validity — a question the Supreme Court itself has deemed "'rather arcane.'" *Id.* (citing *Tompkins v. 23andMe, Inc.*, No. 5:13-CV-05682-LHK, 2014 U.S. Dist. LEXIS 88068, 2014 WL 2903752, at *10-13)) *see also First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 945, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

Further, the majority of district courts have held that incorporation of the AAA rules is insufficient to establish delegation in consumer contracts involving at least one unsophisticated party. *Ingalls*, 2016 U.S. Dist. LEXIS 157384, 2016 WL 6679561, at 9-11. The Court has not defined a specific test to define whether a party is sophisticated. However, the Court has noted that a party with no legal experience, no experience with provisions of a similar nature, and no experience in the industry are likely unable to understand the importance of inclusion of the JAMS Rules. *See generally Ingalls* at 9-11.

Here, Plaintiff is an unsophisticated party. *Altshuler Decl.*, ¶ 1-3. Plaintiff did not know he was delegating important issues such as arbitrability. *Id.* In the absence of binding authority and with the benefit of a consistent trend of persuasive authority, this court should find that the parties, which included Space Exploration Technologies Corporation and one ordinary employee who could not be expected to appreciate the significance of incorporation of the JAMS rules, did not clearly and unmistakably delegate the issue of arbitration to an arbitrator. The delegation of these issues must be clear and unmistakable. *See Portland GE v. Liberty Mut. Ins. Co.,* 862 F.3d 981, 985 (9th Cir. 2017*)*



**SKIDMORE & FOMINA, PLLC**
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

The argument that Mr. Altshuler had a meaningful choice is disingenuous at best and impossible at worst. It is evident that Mr. Altshuler did not have a reasonable nor meaningful opportunity to understand the terms. Defendant cannot prove that Mr. Altshuler clearly and unmistakably delegated the issue of arbitrability nor that Mr. Altshuler had a meaningful choice.

**C. <u>The Arbitration Provision is Substantively Unconscionable Due to its Confidential Nature</u>**

The arbitration provision in this matter requires confidentiality. "The Parties shall resolve all covered claims through final, binding, and **confidential arbitration**." Dkt. No. 6 (*Declaration of Molly A. Terwillinger*) at 7. (emphasis added) "To the extent the JAMS Rules conflict with any provision or aspect of this Agreement, this Agreement shall control" *Id.* The Arbitrator is given zero discretion regarding the confidential nature of the arbitration. Provisions like these serve no purpose other than to tilt the scales of justice in favor of the employer by denying employees' access to any information regarding claims against the employer by other potential victims. *Zuver*, 153 Wn.2d at 314, 103 P.3d 753. This Court should not participate in Defendant's attempt to allow this pattern of illegal activity to be secluded from the public eye.

As outlined in RCW 49.44.085, an arbitration provision "is void and unenforceable if it requires an employee to waive the employee's rights to publicly pursue cause of action arising under chapter 49.60 RCW." The arbitration provision here is void and unenforceable due to the requirement of confidentiality.

Further, and more importantly, Washington has a strong and clear public policy that disfavors the confidential arbitration of employment claims. Washington has a strong policy that



SKIDMORE & FOMINA, PLLC
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

justice should be administered openly and publicly. *See Dreiling v. Jain*, 151 Wash.2d 900, 908, 93 P.3d 861 (2004) (discussing sealed court records). Under our constitution, "[j]ustice in all cases shall be administered openly." CONST. art. I, § 10. Secrecy breeds mistrust and, potentially, misuse of power. *McKee,* 164 Wash.2d at 398-399, 191 P.3d 845.

The Washington State Silenced No More Act, RCW 49.44.211, effective June 9, 2022, furthers this public policy by prohibiting the enforcement of agreements that forbid employees from disclosing or discussing conduct they believed to constitute illegal discrimination, illegal retaliation, a violation of public policy, or a wage and hour violation. *See* RCW 49.44.211(1). The statute expressly states that "Prohibited nondisclosure […] provisions include those contained in employment agreements, independent contractor agreements, agreements to pay compensation in exchange for the release of a legal claim, or **any other agreement** between an employer and an employee." *Id.* (emphasis added).

Confidential arbitration provisions preclude public disclosure of alleged illegal activity and hampers plaintiffs in learning about potentially meritorious claims and serves no purpose other than to tilt the scales in favor of defendants. *McKee,* 164 Wash.2d at 398, 191 P.3d 845. *See also Zuver,* 153 Wash.2d at 313–14, 103 P.3d 753. It ensures that Space Exploration Technology Corporation will "accumulate[ ] a wealth of knowledge" about arbitrators, legal issues, and tactics. *Zuver* 153 Wash.2d at 312-3, 103 P.3d 753 (*quoting Ting v. AT&T*, 319 F.3d 1126, 1152 (9th Cir.)). Meanwhile, employees are prevented from sharing discovery, fact patterns, or even work product, such as briefing, forcing them to reinvent the wheel in each and every claim, no matter how similar. *McKee*164 Wash.2d at 398, 191 P.3d 845. The Washington State legislature



SKIDMORE & FOMINA, PLLC
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

attempted to combat the rampant issue in 2022 through the Silenced No More Act providing, "It is the intent of the legislature to prohibit nondisclosure provisions in agreements, which defeat the strong public policy in favor of disclosure." Silenced No More Act of 2022, H.R.J. Res. 1795, 67th Leg., Reg. Sess. (Wash. 2022). Ultimately, confidential provisions prevent the discovery of a pattern of illegality, ensuring similar plaintiffs are provided little recourse to inform the public and stop illegal conduct from continuing, a situation the Washington State Constitution and the Washington State Legislature expressly intended to avoid. *Id.* The arbitration provision here is substantively unconscionable due to the requirement it be confidential.

**D. The Unconscionable Terms Are Unable to be Severed Where They So Permeate the Arbitration Provision.**

Defendant may argue in its reply that the unconscionable provisions could be severed from the arbitration agreement to keep it enforceable. However, such an argument is untenable where multiple provisions of the agreement are unconscionable. Severability simply cannot save the contract. *Woodward v. Emeritus Corp.*, 192 Wn. App. 584, 602, 368 P.3d 487, 496 (2016). As the Washington Supreme Court held in 2008, "permitting severability…in the face of a contract that is permeated with unconscionability only encourages those who draft contracts of adhesion to overreach. If the worst that can happen is the offensive provisions are severed and the balance enforced, the dominant party has nothing to lose by inserting one-sided, unconscionable provisions." *McKee*, 164 Wash.2d at 403, 191 P.3d 487. "When severance will 'significantly alter both the tone of the arbitration clause and the nature of the arbitration contemplated by the clause,' the appropriate remedy is to invalidate the entire agreement. *Woodward* 192 Wn. App.



**SKIDMORE & FOMINA, PLLC**
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

at 602, 368 P.3d 487. (*citing Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 607, 293 P.3d 1197 (2013)). Such is the case with the arbitration provision here. The ambiguity, the failure of the parties to clearly and unmistakably delegate important issues to the arbitrator, and the confidentiality requirement permeate the arbitration provision so severely that to sever these from the arbitration provision would significantly alter the tone and nature of the agreement. Severance is therefore inappropriate.

## VI. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court DENY Defendant's motion to compel arbitration and allow the parties to try this case as scheduled. A proposed order is attached hereto.

*I certify that this memorandum contains 3,234 words in compliance with the Local Civil Rules.*

*Dated this 3rd day of June, 2025.*

SKIDMORE & FOMINA, PLLC

By: *Jared C. Troy*

Jared C. Troy, WSBA #62884
Clive A. Pontusson, WSBA #53570
Gregory M. Skidmore, WSBA #47462



**SKIDMORE & FOMINA, PLLC**
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656

**CERTIFICATE OF SERVICE**

I, JARED C. TROY, certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

On the date set forth below I served the document listed below, in the manner noted on the following entity:

1) Plaintiff's Opposition to Defendant's Motion

2) Declaration of Douglas Altshuler.

3) Declaration of Jared C. Troy.

4) Proposed Order

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Molly A. Terwilliger, WSBA #28449<br>Susan Stradley<br>Morgan, Lewis & Bockius, LLP<br>1301 Second Avenue, Suite 3000<br>Seattle, WA 98101<br>molly.terwilliger@morganlewis.com<br>susan.stradley@morganlewis.com<br>*Attorneys for Defendant* | ☐ Hand Delivery<br>☐ Certified Mail<br>☐ Facsimile<br>☒ E-mail<br>☒ E-service |

DATED this 3rd day of June, 2025

Skidmore & Fomina, PLLC

*/s/ Jared C. Troy*
Jared C. Troy



**SKIDMORE & FOMINA, PLLC**
1800 112th Ave NE, Suite 150
Bellevue, WA 98004
Telephone: (425) 519-3656