UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS ALTSHULER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPACE EXPLORATION TECHNOLOGY CORPORATION,<br><br>　　　　　Defendant. | CASE NO. 2:25-cv-00831-JHC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION |

　　　　This matter comes before the Court on Defendant's Motion to Compel Arbitration and Stay Case. Dkt. # 6. The Court has reviewed the materials filed in support of the motion, the record, and the governing law.[1] For the reasons presented by Defendant in its motion and first reply, Dkt. ## 6, 8, the Court GRANTS the motion and stays this case under 9 U.S.C. § 3.

　　　　Even if the Court considered Plaintiff's untimely response, Dkt. # 10, it is unpersuasive. Defendant's second reply, Dkt. # 17, addresses Plaintiff's contentions. Although the parties dispute whether the arbitration agreement properly delegates the question of the agreement's

---

[1] The Court does not consider Plaintiff's response in opposition to the motion because he concedes that it is untimely and offers only a conclusory assertion that the untimeliness is due to excusable neglect. Dkt. # 10 at 1.

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL ARBITRATION - 1

enforceability to the arbitrator, the Court does not reach this issue because it concludes that, in any event, the agreement is enforceable.

First, Plaintiff says that because the arbitration agreement is ambiguous, it should be construed to allow him to proceed in court. He says that two provisions are irreconcilable: (1) a provision requiring arbitration of all "Covered Claims," Dkt. # 7 at 7, ¶ 1; and (2) a provision allowing Plaintiff to file a complaint with a government agency, *id.* at 9, ¶ 5.[2] But these provisions do not conflict with each other; while the first provision bears on Plaintiff's ability to bring claims in court, the second provision bears on his ability to file a complaint with a government agency. Even if a government agency brings claims based on a complaint filed by Plaintiff, the named party would be the government agency, not Plaintiff. Because the arbitration agreement is not ambiguous, its plain terms govern and are enforceable.

Second, Plaintiff asserts that the arbitration agreement is procedurally unconscionable. "The fact that a contract is an adhesion contract is relevant but not determinative . . . The key inquiry is whether the party lacked meaningful choice." *Burnett v. Pagliacci Pizza, Inc.*, 470 P.3d 486, 495 (Wash. 2020). He contends that he lacked a meaningful choice because he did not have adequate time to review the terms found in the agreement's link to the Employment Arbitration Rules and Procedures of the Judicial Arbitration and Mediation Service (JAMS) and consult an attorney about them.[3] But because he signed the agreement on June 12, 2023, Dkt.

---

[2] This provision states: "Nothing in this Agreement precludes either Party from filing a charge or complaint with any government or administrative agency or from participating in the investigation or prosecution of any such charge or complaint. However, the Parties understand and agree that a Party cannot obtain any monetary relief or recovery from such a proceeding."

[3] Plaintiff points out that the link included in the arbitration agreement, www.jamsadr.com, Dkt. # 7 at 8, is not a direct link to the employment arbitration rules. To be sure, a direct link would be preferable. But based on the briefing before it, the Court finds that the steps required to reach the employment arbitration rules are not so burdensome as to constitute procedural unconscionability. *See* Dkt. # 11 (from the JAMS homepage, a user must hover over "Rules and Clauses" and click "Employment Arbitration Rules," and then click another link to the rules). Plaintiff relies on *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1195–96 (W.D. Wash. 2024) to suggest that a direct link to the

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL ARBITRATION - 2

# 7 at 10, and was not required to return the form until June 25, 2023 (the day before his first day of work), *id.* at 5, he had enough time—at least two weeks—to review the agreement's terms and consult an attorney. *See, e.g.*, *Adler v. Fred Lind Manor*, 103 P.3d 773, 783–84 (Wash. 2004) (one week is presumably "ample opportunity to contact counsel and inquire about the meaning of [the arbitration agreement's] terms"). That he did not contact an employer representative for assistance and signed the agreement well before the deadline also suggests that he had a meaningful choice. *See Okelo v. Antioch Univ.*, 601 F. Supp. 3d 894, 899 (W.D. Wash. 2022).[4] And his inability to recall entering into an arbitration agreement, Dkt. # 12, cannot overcome the evidence supporting the fact that he signed the arbitration agreement. Dkt. # 18 at 9, ¶ 18 (attaching Plaintiff's Adobe Sign audit log); *Saeedy*, 757 F. Supp. 3d at 1197 ("[N]either Plaintiffs' inability to recall seeing reference to the terms, nor their failure to review terms overcomes the evidence of assent.") (collecting cases).

Finally, Plaintiff contends that the arbitration agreement is substantively unconscionable because it gives the arbitrator no discretion as to the confidentiality of the arbitration proceedings. But the agreement does not support this contention. It merely provides as a general matter that "Covered Claims" will be resolved "through final, binding, and confidential arbitration." Dkt. # 7 at 7. This provision is consistent with the JAMS Rules, which generally provide that arbitration proceedings are confidential subject to certain exceptions:

---

employment arbitration rules is required. But *Saeedy* is not on point – it involves a link to a general Microsoft Services Agreement (MSA) that "notes the inclusion of a binding arbitration agreement and directs review of the specific arbitration provision." *Id.* at 1184, 1195–96.

[4] Plaintiff says that *Okelo* is distinguishable because the arbitration agreement in that case included a provision stating, "it is your responsibility to read, understand, and comply with all University policies especially those under the 400 Series related to employment." 601 F. Supp. 3d at 896. But he does not explain why the absence of a similar provision in the arbitration agreement here is significant. And although he asserts that the additional terms on the JAMS website are a "maze of fine print," Dkt. # 10 at 7, he neither points to specific language nor cites case law to support this assertion.

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL ARBITRATION - 3

> Rule 26. Confidentiality and Privacy
>
> (a) JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding and the Award, including the Hearing, *except as necessary in connection with a judicial challenge to or enforcement of an Award, or unless otherwise required by law or judicial decision.*

Dkt. # 17 at 11 (citing JAMS website) (emphasis added). Because the arbitration agreement does not mandate strict confidentiality of arbitration proceedings, it is enforceable.[5] *See Phillips v. Swedish Health Servs.*, 567 P.3d 625, 632 (Wash. Ct. App. 2025) (holding that a similar arbitration provision requiring confidentiality "unless . . . the law provides to the contrary" is not substantively unconscionable).

Thus, even if the Court considered Plaintiff's untimely response and reached the threshold question of enforceability, it would nonetheless grant Defendant's motion to compel arbitration and stay this case.

Dated this 11th day of June, 2025.

John H. Chun
United States District Judge

---

[5] Because the arbitration agreement provides that confidentiality shall not be maintained if "required by law," it is, contrary to Plaintiff's contentions, consistent with RCW 49.44.085 (providing that a waiver of an employee's right to publicly pursue a discrimination claim is void) and RCW 49.44.211 (providing that a nondisclosure agreement preventing an employee from discussing allegedly discriminatory conduct is void).

As Defendant has maintained, the arbitration agreement does not require strict confidentiality of arbitration proceedings and "[n]othing in the Arbitration Agreement (or the incorporated JAMS Rules) operates as a non-disclosure provision prohibiting Altshuler from 'disclos[ing] or discuss[ing] conduct' he believes to be illegal discrimination." Dkt. # 17 at 11–13. The Court understands that Defendant will not take a contrary position in arbitration. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." (citation omitted)).

ORDER GRANTING DEFENDANT'S MOTION
TO COMPEL ARBITRATION - 4